IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VINCENT RUCKER,　　　　　　　　　　　　No. C 13-0394 YGR (PR)

　　　　Plaintiff,　　　　　　　　　　　　**ORDER OF DISMISSAL**

　vs.

J. TRENT, et al.,

　　　　Defendants.
　　　　　　　　　　　　　　　　　　　　　/

## BACKGROUND

Plaintiff, a state prisoner currently incarcerated at the Correctional Training Facility in Soledad ("CTF"), filed this *pro se* civil rights action under 42 U.S.C. § 1983. He has also filed a motion for leave to proceed *in forma pauperis*, which will be granted in a separate written Order.

Plaintiff raised the same allegations against prison officials at CTF -- for injuries sustained in 2010 and 2011 -- in another prior prisoner complaint filed in this Court. *See* Case No. C 11-4312 YGR (PR). Plaintiff alleges that Defendants CTF Physician Assistant J. Trent and CTF Physician M. Sepulveda, violated his constitutional rights by denying him a lower bunk assignment. (Compl. at 3.) Plaintiff alleges that he has bullets lodged in his left arm and lower back and that these wounds cause him substantial pain. (*Id.*) He further alleged that these wounds made it difficult for him to climb to the upper bunk that he was assigned to. (*Id.*)

In his prior action, the Court granted Defendants' motion to dismiss on the ground that Plaintiff's complaint failed to state a claim for either (1) deliberate indifference to serious medical needs under the Eighth Amendment, or (2) a violation of the Americans with Disabilities Act. (Sept. 30, 2012 Order in Case No. C 11-4312 YGR (PR) at 3-7.) The Court therefore dismissed Plaintiff's complaint for failure to state a claim upon which relief can be granted. The Court then entered judgment against Plaintiff. (Docket No. 18 in Case No. C 11-4312 YGR (PR).)

## DISCUSSION

A prisoner complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of 28 U.S.C. § 1915A. *Cf. Cato v. United*

*States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)) (duplicative *in forma pauperis* complaint may be considered abusive and dismissed under 28 U.S.C. § 1915).

Because Plaintiff raised and litigated the same allegations and claims raised herein in Case No. C 11-4312 YGR (PR), the instant complaint is deemed duplicative and abusive under § 1915A.

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED under the authority of 28 U.S.C. § 1915A(b).

Further, this Court CERTIFIES that any IFP appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States,* 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk of the Court shall enter judgment, terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: April 18, 2014

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

P:\PRO-SE\YGR\CR.13\Rucker0394.dism(DUPL).wpd           2